IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**KIMBERLY HAUGEN**,
individually and on behalf of
all those similarly situated,

        Plaintiff,

    v.

Case No.: 22-cv-460

**ONEIDA COUNTY**
c/o County Board Chairperson Scott Holewinski
PO Box 1245
Rhinelander, WI 54501

        Defendant.

## COLLECTIVE ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective action brought by Individual and Representative Plaintiff, Kimberly Haugen ("Plaintiff"), on her own behalf and on behalf of the members of the proposed class identified below. During the three years preceding this lawsuit, Plaintiff was employed by Oneida County ("Defendant") as a social worker. During her employment, Plaintiff was denied overtime wages under an illegal pay policy in violation of the Fair Labor Standards Act ("FLSA"). Under this policy, Defendant required Plaintiff and other similarly situated employees to work hours over 40 hours in a single workweek without overtime compensation. When Plaintiff and other similarly situated employees worked over 40 hours in a single workweek,

they were compensated at their regularly hourly rate for those hours, rather than one and one half times their hourly rate as overtime compensation.

## JURISDICTION AND VENUE

2. The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331.

3. Venue is proper in the United States District Court for the Western District of Wisconsin under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this district and because the events and omissions giving rise to these claims occurred in this district.

## PARTIES

4. Plaintiff, Kimberly Haugen, is an adult resident of Rhinelander, Wisconsin. Plaintiff was employed by Defendant as a social worker during the three years preceding this Complaint, until August 2021. Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e)(C). Plaintiff was paid hourly wages without overtime. Plaintiff has consented in writing to assert claims for overtime wages under the FLSA. Her consent form is filed as **Exhibit A**.

5. Defendant, Oneida County, is a public agency as defined by 29 U.S.C. § 203(x). Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d). Defendant's County Board Chairperson is Scott Holewinski, Post Office Box 1245, Rhinelander, Wisconsin 54501.

## FACTUAL ALLEGATIONS

6. Throughout the three years preceding the filing of this Complaint, Plaintiff and the putative class members are or were employed by Defendant.

7. Throughout the three-year period preceding the filing of this Complaint, Plaintiff and the putative class members were paid by Defendant as hourly employees.

8. Throughout the three-year period preceding the filing of this Complaint, Plaintiff and the putative class members were not paid by Defendant on a salary basis.

9. Throughout the three-year period preceding the filing of this Complaint, Defendant permitted Plaintiff and the putative class members to work over 40 hours in a single workweek without providing overtime compensation for those hours.

10. Throughout the three-year period preceding the filing of this Complaint, Defendant compensated Plaintiff and the putative class members at their regular hourly rate for hours worked over 40 in a single workweek, rather than one and one half times their hourly rate as overtime compensation.

11. Plaintiff brings this action on behalf of herself and on behalf of other similarly situated employees, pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly situated employees is defined as:

> All persons who have been or are employed by Oneida County in a position that was paid on an hourly basis, excepting those employed as bona fide practitioners of law or medicine, teachers, or computer professionals, at any time during the past three years, and who did not receive one and one half times their regular hourly rate for hours worked over 40 in a single workweek.

3

## CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

12. Plaintiff, individually and on behalf of the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

13. Plaintiff and members of the Collective Class are or were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

14. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one half times their regular rate of pay for work performed in excess of 40 hours per workweek.

15. During the applicable statute of limitations, Plaintiff and members of the Collective Class performed work in excess of 40 hours per workweek without receiving overtime compensation.

16. These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, Plaintiff and members of the Collective Class have suffered and continue to suffer wage loss.

17. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and members of the Collective Class overtime wages in violation of the FLSA.

WHEREFORE, Plaintiff, on behalf of herself and all members of the Collective Class, prays for the following relief:

      A.     An order designating this action as a collective action and directing issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Class as defined above;

      B.     An order designating Kimberly Haugen as the Named Plaintiff;

      C.     An order designating Hawks Quindel, S.C., as class counsel;

      D.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

      E.     An order finding that Defendant violated the FLSA;

      F.     Judgment against Defendant in the amount equal to Plaintiff's and the Collective Class's unpaid back wages at the applicable overtime rates;

      G.     An award in the amount of all liquidated damages and penalties as provided under the FLSA;

      H.     An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

      I.     Leave to amend the Complaint to add additional claims; and

      J.     Such further relief as the Court deems just and equitable.

Respectfully submitted this 24th day of August, 2022.

        Attorneys for the Plaintiff

        By: */s/David C. Zoeller*
        **HAWKS QUINDEL, S.C.**
        David C. Zoeller, State Bar No. 1052017
        Email: dzoeller@hq-law.com
        Natalie L. Gerloff, State Bar No. 1117798
        Email: ngerloff@hq-law.com
        409 East Main Street
        Post Office Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: (608) 257-0040
        Facsimile: (608) 256-0236