IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**KIMBERLY HAUGEN**,
individually and on behalf
of all others similarly situated,

                Plaintiff,

                                            Case No. 22-cv-460

   v.

**ONEIDA COUNTY**,

                Defendant.

**BRIEF IN SUPPORT OF JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE**

      This is an action brought under the Fair Labor Standards Act ("FLSA"). The parties have reached a settlement. Pursuant to that settlement, in exchange for a monetary payment, Plaintiff is required to dismiss her FLSA claims with prejudice and release Defendant from any further liability under the FLSA for the time period in question. A copy of the parties' Settlement and Release Agreement ("Settlement Agreement") is being filed as Exhibit A to this Motion. However, in order for a private settlement of FLSA claims to be enforceable, the settlement must be approved by the Department of Labor ("DOL") or a district court. *See, e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Adams v. Walgreen Co.*, No. 14-cv-1208-jps, 2015 WL 4067752, at *1 (E.D. Wis. July 2, 2015). The standard for evaluating such settlements is to determine whether it constitutes "a fair and reasonable resolution of bona fide disputes under the FLSA." *Lynn Food Stores, Inc.*

*v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Walton*, 786 F.2d at 306; *Armstrong v. Wasatch Front Home Servs., LLC*, 2012 U.S. Dist. LEXIS 85378 (W.D. Wis. June 20, 2012, Conley, J.); *Cross v. Russ Darrow Grp.*, No. 19-CV-1421-JPS, 2021 U.S. Dist. LEXIS 48961 (E.D. Wis. Mar. 16, 2021, Stadtmueller, J.). This settlement is a fair and reasonable resolution of the disputed issues, which will result in significant payment to the Plaintiff in exchange for the release of her claims under the FLSA. Because the parties believe this settlement represents a fair result for the Plaintiff, they are seeking this Court's approval of their Settlement Agreement along with dismissal of the action with prejudice.

### I. Factual Background

Oneida County is a municipal entity in the state of Wisconsin. Oneida County employed a number of positions paid on an hourly basis, including social workers, like Plaintiff. Plaintiff alleges that the County failed to pay these hourly employees overtime wages for hours worked in excess of 40 per workweek, instead paying only the base hourly rate for those hours.

On August 24, 2022, Plaintiff Kimberly Haugen filed a lawsuit under the FLSA, 29 U.S.C. § 201, et seq., as a collective action to recover unpaid overtime wages. (Dkt. # 1, "Complaint".) In her Complaint, Haugen alleged that Defendant failed to pay overtime wages to her and other similarly situated individuals for a period dating back to August 24, 2019. The parties immediately began exchanging information to attempt to resolve these claims. On January 27, 2023, the parties filed a joint notice of settlement and motion to stay all deadlines pending settlement approval, and the

Court granted the Motion. (Dkts. ## 10, 11.)

## II. The Settlement Agreement is a Fair and Reasonable Compromise of Disputed Claims

Shortly after the Complaint was filed, the parties began to explore whether it would be possible to resolve this matter. Through discovery, Defendant provided Plaintiff's counsel with payroll and timekeeping records for the collective class during the statutory period. The parties agreed on the number of overtime hours recorded during the statutory period, the regular rate of pay, calculation of overtime premiums, and that Defendant would pay an equal amount in liquidated damages.

The primary issue of dispute was the time period for which Plaintiff might successfully recover damages in this litigation, namely, whether Plaintiff could prove willfulness in order to recover a third year of damages. Counsel for the parties are experienced in litigating wage and hour lawsuits under the FLSA and Wisconsin law. Based on their experiences, in light of the disputed issues, the expense of continued litigation, and the inherent risks of litigation, the parties agreed to calculate Plaintiff's full claim value, including liquidated damages, from January 1, 2020, to the end of Plaintiff's employment.

During the course of discovery and negotiations, Defendant also offered to pay the potential class members the full value of their claims, including liquidated damages. Defendant calculated overtime wages and liquidated damages due to each potential class member, and Plaintiff's counsel reviewed those calculations. Defendant is engaging directly with members of the potential class to issue payments and resolve their potential claims. The parties do not seek through this motion or the

Settlement Agreement any relief for the potential class. Defendant's payments to potential class members are done voluntarily and with the knowledge of Plaintiff's counsel. No class has been certified in this matter. Plaintiff is settling this matter on an individual basis, including releasing only her claims related to this lawsuit.

The resulting settlement compensates Plaintiff a total of $3,374.10, representing unpaid overtime wages and liquidated damages under the FLSA, for the agreed upon period of January 1, 2020, to the end of Plaintiff's employment. This settlement is a fair and reasonable resolution of the *bona fide* dispute over the FLSA provisions raised by this lawsuit. *Lynn's Food Store, Inc.*, 679 F.2d at 1353. The parties have real dispute in this case over whether Plaintiff is entitled to overtime wages and what remedies Plaintiff would be entitled to should liability be established, including whether Plaintiff would be able to demonstrate that Defendant acted willfully in order to get the third year of damages available under 29 U.S.C. § 255(a) and whether the Defendant acted in good faith and should escape payment of liquidated damages under 29 U.S.C. § 260.

In this matter, Plaintiff will receive full value for her claims, assuming that the Court found liability and rejected any good-faith defense to liquidated damages. The parties agreed upon a date on which damages start that is a mid-point between the second and potential third year of damages. This recovery is significant in light of the risk of no recovery. Further, the settlement separately compensates Plaintiff's counsel for attorney's fees and costs, meaning there is no reduction of Plaintiff's claim value.

### III. The Attorneys' Fees and Costs Sought Are Fair and Reasonable

As part of settlement, Defendant agreed to pay Plaintiff's counsel attorney's fees and costs totaling $10,000. This amount is reasonable and reflects the Plaintiff's counsel's actual fees and costs in litigating this matter. This amount is being paid in addition to the amounts being paid to Plaintiff for unpaid overtime wages and liquidated damages.

### CONCLUSION

In short, the Settlement Agreement was reached as a result of arm's-length negotiations between experienced counsel for the parties that considered the merits of Plaintiff's claims and Defendant's defenses to the same, and reviewed an analysis of the evidence related thereto. The Settlement Agreement represents a fair resolution of the collective class members' claims in light of the foregoing and the *bona fide* legal and factual disputes that exist with regard to their claims. The Settlement Agreement is between the Plaintiff and the Defendant only. Potential class members that have not joined the lawsuit are not subject to, nor bound by, the Settlement Agreement. For all the foregoing reasons, Plaintiff and Defendant request that the Court enter an order approving the Settlement Agreement and dismissing the case with prejudice and without further costs to either party pursuant to Fed. R. Civ. P. 41.

Dated this 28th day of February, 2023.

        Attorneys for the Plaintiff

        By: _s/ David C. Zoeller_
        **HAWKS QUINDEL, S.C.**
        David C. Zoeller, State Bar No. 1052017
        Email: dzoeller@hq-law.com
        Natalie L. Gerloff, State Bar No. 1117798
        Email: ngerloff@hq-law.com
        Post Office Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: (608) 257-0040


        Attorney for the Defendant

        By: _s/ Lori M. Lubinsky_
        **AXLEY BRYNELSON, LLP**
        Lori M. Lubinsky, State Bar No. 1027575
        Email: llubinsky@axley.com
        Post Office Box 1767
        Madison, Wisconsin 53701-1767
        Telephone: (608) 257-5661